*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-1306**

In re the Estate of Roy Gene Barts, Deceased.

**Filed April 6, 2026**
**Affirmed; motion granted**
**Worke, Judge**

Washington County District Court
File No. 82-PR-24-4371

Andrea Anderson, Plymouth, Minnesota (pro se appellant)

Paul R. Carlson, Minneapolis, Minnesota (for respondent)

Considered and decided by Ross, Presiding Judge; Worke, Judge; and Halbrooks, Judge.[*]

**NONPRECEDENTIAL OPINION**

**WORKE**, Judge

In this probate dispute, appellant argues that the district court should not have allowed a copy of decedent's will to be admitted to probate and should not have appointed respondent as personal representative. We affirm.

**FACTS**

Roy Gene Barts died on August 19, 2024. Barts had a will dated April 26, 2022, in which he nominated respondent Erin Kathereine Radtke, his ex-partner, as personal

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

representative. Radtke petitioned for formal probate of Barts's will and appointment of personal representative. Radtke also filed a statement, claiming that Barts's original will was unavailable, but Barts's brother, Roger Barts (Roger), had given her a copy. In the will, Barts had gifted his property and residue of his estate to Radtke. Barts intentionally omitted gifts to his children, Justin Barts, and appellant Andrea Anderson. Anderson filed an objection, contesting the validity of the will and the appointment of Radtke as personal representative.

At a hearing, attorney George LeTendre testified that he had drafted estate planning documents for Barts, including "[t]he will, power of attorney, healthcare directive . . . [and] transfer on death deed for property [Barts] owned." LeTendre testified that Radtke was the beneficiary, power of attorney, and healthcare agent. LeTendre testified that it is not his practice to keep the original documents. He placed the estate documents, including the will, in "a letter sized" white envelope and instructed Barts to keep the will in a "secure place." After signing the will, Barts never contacted LeTendre again. LeTendre testified that he believed that Barts would have contacted him if Barts had wanted to change his will.

Roger testified that he went to Barts's apartment when the police informed him of Barts's death. Roger removed a secured safe from Barts's apartment and took it to a locksmith. A life insurance policy, titles to vehicles, and a white envelope holding Barts's will were inside the safe. Roger testified that he does not know how to read, so he took the will to a friend, Victoria Iliffe, for her to read it to him. Anderson then contacted Roger, wanting to see the will. Roger met Anderson and she took the will to make copies, but she

2

did not return the will to Roger.  Roger testified that he had a copy of Barts's will that he had acquired "[a]pproximately two years" prior.

Iliffe testified that Roger brought her Barts's safe.  Inside the safe she saw "real estate documents . . . vehicle titles . . . a couple of checkbooks [and] a white eight-and-a-half-by-eleven envelope."  Inside the envelope was Barts's will, a life insurance policy, power of attorney, and health directive.  Iliffe testified that she told Roger that Radtke was the beneficiary, and he said "okay," because Barts had been in a long-term relationship with Radtke and Barts considered her family.

Anderson testified that her last conversation with Barts was in 2004.  Anderson testified that Roger had given her a copy of Barts's will and she made a copy of the copy.  Anderson testified that Barts left a note in his apartment indicating his intent to revoke his will.  The note, dated July 27, 2024, includes a list of household expenses, and "goals," under which it specifies: "health, truck, hobby[,] change will + test[,] life insurance."

The district court granted Radtke's petition to probate the will and her appointment as personal representative.  The district court found that LeTendre, Iliffe, and Roger testified credibly, while Anderson's testimony was "inconsistent."  The district court stated: "LeTendre's testimony regarding . . . the white envelope containing the [w]ill, combined with corroborating testimony from [Roger] and Iliffe, and the fact that the [w]ill was kept in the safe, supports the originality of the [w]ill," but "some time between [Roger]'s possession and Anderson's possession" it was lost and therefore unavailable.

The district court concluded that, while it was presumed that the will was revoked because it was unavailable, Radtke presented sufficient evidence to prove nonrevocation, and Anderson failed to show that Barts intended to revoke the will.

This appeal followed.

**DECISION**

*Nonrevocation of Will*

Anderson first argues that the district court erred by admitting Barts's will to probate because several of the district court's findings and conclusions rely on the will being inside "a white envelope" and the evidence was inconsistent as to the size of the envelope.

Appellate courts review a district court's findings of fact for clear error. *In re Civ. Commitment of Kenney*, 963 N.W.2d 214, 221 (Minn. 2021). "[T]he role of an appellate court is not to weigh, reweigh, or inherently reweigh the evidence when applying a clear-error review; that task is best suited to, and . . . reserved for, the factfinder." *Id.* at 223. Instead, an appellate court "examine[s] the record to see if there is reasonable evidence in the record to support the [district] court's findings." *Rasmussen v. Two Harbors Fish Co.*, 832 N.W.2d 790, 797 (Minn. 2013) (quotation omitted). We will not conclude that a finding of fact is clearly erroneous unless "left with the definite and firm conviction that a mistake has been made." *In re Stisser Grantor Tr.*, 818 N.W.2d 495, 507 (Minn. 2012) (quotation omitted). This court affords the district court due regard to judge the credibility of witnesses. *In re Knops*, 536 N.W.2d 616, 620 (Minn. 1995).

Anderson essentially argues that the testimony upon which the district court relied in making its findings is insufficient to support its findings. For example, Anderson states:

4

"If any weight was appropriately given to [Barts] not returning to LeTendre after April 26, 2022, it should be very little." She also claims that "Iliffe did not even know [Barts] had a will." But it is not our role to reweigh evidence or judge witness credibility. *See Kenney*, 963 N.W.2d at 223; *Knops*, 536 N.W.2d at 620.

Anderson argues that the evidence supports revocation of the will. She claims that the note Barts wrote in July 2024 is direct evidence of his intent to change the will. But as the district court determined, at best, Barts's noted goal to "change will + test," indicates intent to possibly change the will, not necessarily revoke it. Our review of the entire record supports the district court's determination that Radtke presented evidence overcoming the presumption that the will was revoked.

***Revocation by Written Document***

Anderson next argues that Barts's note "is a document that constitutes . . . revocation of his will under Minn. Stat. § 524.2-503 [(2024)]." She claims that the district court misinterpreted the statute when it determined that the note was insufficient to show that Barts revoked his will.

This court reviews de novo issues of statutory and will interpretation. *Hagen v. Steven Scott Mgmt., Inc.*, 963 N.W.2d 164, 169 (Minn. 2021) (statutory interpretation); *In re Est. of Bach*, 979 N.W.2d 430, 433 (Minn. 2022) (will interpretation). Under Minn. Stat. § 524.2-503:

> (a) If a document or writing added upon a document was not executed in compliance with section 524.2-502, the document or writing is treated as if it had been executed in compliance with section 524.2-502 if the proponent of the document or writing establishes by clear and convincing

evidence that the decedent intended the document or writing to constitute:
> (1) the decedent's will;
> (2) a partial or complete revocation of the will;
> (3) an addition to or an alteration of the will; or
> (4) a partial or complete revival of the decedent's formerly revoked will or of a formerly revoked portion of the will.

Anderson claims that the district court misinterpreted the word "document." But the district court did not rely on the meaning of the word "document"; rather, the district court appropriately determined that Anderson failed to provide clear and convincing evidence that the note—the document—revoked the will. Barts's notation suggests that he had a goal to "change will + test." The notation is not "revoke will + test." So, even if Barts's notation meant that he planned to change his will, it does not indicate that the change is a revocation. The district court did not err by determining that Anderson's evidence was not clear and convincing in order for this statute to apply.

*Appointment of Personal Representative*

Finally, Anderson argues that the district court abused its discretion by appointing Radtke as personal representative. She argues that, if we disagree with the district court's finding that the original will was in the safe when Barts died, then Radtke's sworn statements "were false" and she does not qualify as a personal representative because she "intentionally misrepresented material facts" leading to her appointment.

An appellate court "will not reverse the district court's determination regarding [appointment] of a personal representative unless the district court clearly abused its discretion by disregarding the facts." *See Est. of Martignacco*, 689 N.W.2d 262, 269

6

(Minn. App. 2004), *rev. denied* (Minn. Jan. 26, 2005). If not disqualified, the top priority for appointment of a personal representative is the "person nominated by a power conferred in a will." Minn. Stat. § 524.3-203(a)(1) (2024). Barts nominated Radtke as personal representative in his will. And the district court did not abuse its discretion by appointing Radtke because the record indicates that her statements were based on her knowledge and were not made to mislead the district court.

### Motion to Strike

Anderson moved this court to strike statements in Radtke's brief that do not contain citations to the record and include information outside the record on appeal. The record on appeal comprises the papers "filed in the [district] court, the exhibits, and the transcript of the proceedings, if any." Minn. R. Civ. App. P. 110.01. An appellate court may not base its decision on matters outside the record on appeal. *Thiele v. Stich*, 425 N.W.2d 580, 582-83 (Minn. 1988).

In her brief, Radtke stated that Anderson refused to talk to Radtke's attorney about the location of the will. But because neither Radtke nor her attorney testified, there is no support in the record for this statement. Radtke also referenced her faithful execution of her duties as personal representative. This assertion relates to actions that have occurred since the district court's order on appeal. We grant the motion to strike these statements in Radtke's brief.

**Affirmed; motion granted.**

7